# *NAYDENSKIY LAW GROUP, P.C.*

*1517 Voorhies Ave, 2ⁿᵈ Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224*

**BY ECF**

September 26, 2017

**The Honorable Cheryl L. Pollak**
**U.S. Magistrate Judge**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

**Re:** ***Grinberg et. al. v. Law Office of Yuriy Prakhin, P.C., et. al.* 16-cv-3514 (CLP)**

## MOTION FOR SETTLEMENT APPROVAL

Dear Honorable Judge Pollak,

We represent Plaintiffs Michael Grinberg and Elizabeth Marzan ("Plaintiffs") in the above-referenced action. We write to respectfully request judicial approval of the parties' proposed settlement agreement, attached hereto as Exhibit "A". For the reasons outlined below, Plaintiffs submit that the Court's approval is warranted.

## BACKGROUND

I.  Plaintiff Michael Grinberg filed a Complaint on June 24, 2016 and an Amended Complaint on or about December 22, 2016 asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay him overtime pay for all hours worked in excess of 40 hours per week, failing to pay him an overtime rate of pay but instead paying him a straight time rate of pay, and failing to provide proper wage statements. Defendants answered on February 5, 2017 denying all material allegations. The Parties appeared in front of Your Honor for a settlement conference on July 12, 2017 wherein the parties agreed to settle Plaintiffs' claims.

II.  Plaintiff Grinberg alleges he was paid straight time wages for all hours worked. Defense counsel estimated, which Plaintiffs' counsel agrees with, that Plaintiff Grinberg would be owed approximately $9,886 in wages if he were to prevail (Exhibit "B"). However, defendants dispute the quantity of time worked as alleged by the Plaintiff Grinberg.

III.  Plaintiffs' counsel calculated that Plaintiff Marzan is owed approximately $4,800 in overtime wages (Exhibit "C"). However, Plaintiff counsel's calculation does not include a $5,000 payment by Defendant to cover overtime pay which may include the current allegations.

Thus, in light of the above disputes and risks associated thereof for both parties, the parties agreed to settle the case in order to avoid further litigation, trial, and motion practice.

Therefore, a settlement which compensates Plaintiff Grinberg $15,000 and $3,000 to Plaintiff Marzan plus attorney fees - is a fair and reasonable settlement conducted at arms-length, through the advice of counsel.

## ATTORNEY FEES

Separately from the Plaintiffs' recovery, counsel negotiated and agreed that Defendant would pay Naydenskiy Law Group, P.C. attorney fees and costs in the amount of $10,000[1]. *See Amaro v. Barbuto, LLC*, No. 16-CV-1581 (AJN), 2017 WL 476730, at *4 (S.D.N.Y. Feb. 2, 2017) (citing *Zamora v. One Fifty Fifty Seven Corp.,* No. 14 CIV. 8043 (AT), 2016 WL 1366653, at *2 (S.D.N.Y. Apr. 1, 2016)) ("noting that although the proposed award was greater than Plaintiffs' recovery, the Court saw no reason to reduce the fee where Plaintiffs would receive 100% of their estimated damages, there were no opt-in plaintiffs, the case was not a collective action, and there existed no basis to presume conflict and antagonism between the plaintiff and his attorney."); *See Chapman-Green v. Icahn House W. LLC*, No. 11 CIV. 1190 MHD, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21, 2013) (citing *Millea v. Metro–North R.R. Co.,* 658 F.3d 154, 168 (2d Cir.2011)) ("plaintiffs themselves will receive nearly 90 percent of the wages that they claim they were owed. Hence the fact that fees substantially exceed that total is of little consequence here."); *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08CV4377(KAM)(CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), report and recommendation adopted, No. 08-CV-4377 KAM CLP, 2010 WL 2545472 (E.D.N.Y. June 18, 2010) (""[T]he FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer." "In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' feeIn other words, there is a greater range of reasonableness for approving attorney's fees in an individual action where the parties settled on the fee through negotiation.")

## <u>THE SETTLEMENT SHOULD BE APPROVED</u>

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated in the Report and Recommendation adopted by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.:*

> When deciding whether to approve a motion for settlement of individual FLSA claims, the Court considers whether the agreement reflects a reasonable compromise of disputed issues

---

[1] Plaintiffs' counsels' contemporaneous time records are attached as Exhibit "D"

[rather] than a mere waiver of statutory rights brought about by
an employers overreaching. In the absence of a certified class,
a district court typically considers the following factors to
determine whether a settlement of individual FLSA claims is
reasonable: (1) the complexity, expense, and likely duration
of litigation; (2) the stage of the proceedings and the amount
of discovery completed; (3) the risks of establishing liability;
(4) the risks of establishing damages; (5) the ability of
defendants to withstand a larger judgment; and (6) the range
of reasonableness in light of the best possible recovery and all
the risks of litigation.

No. 12 Civ. 3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. July 2, 2013) (Garaufis,
J) (citations and internal quotation marks omitted); *see also. e.g.. Calle. et al. v. Elite
Specialty Coatings Plus, Inc., et al.,* No. 13 Civ. 6126 (NGG)(VMS), 2014 WL 6621081, at
*2 (E.D.N.Y. Nov. 21, 2014) (evaluating and approving a settlement using the above factors
as well as comparing the settlement amount to counsel's lodestar); *Jn re Penthouse Executive
Cluh Comp. Litig.,* No. 10 Civ. 1145 (KMW), 2014 WL 185628, at *7 (S.D.N.Y. Jan. 14,
2014) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-54 (IIth Cir.
1982) ("Courts approve FLSA settlements when they are reached as a result of contested
litigation to resolve *bona fide* disputes."); *Tiro v. Public House Investments. LLC,* Nos. 11
Civ. 7679 (CM), *et al,* 2013 WL 4830949, at *JO (S.D.N.Y. Sept. 10, 2013) (citing *Johnson
v. Brennan,* No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011);
*Lynn's Food Stores,* 679 F.2d at 1353-54) ("Typically, courts regard the adversarial nature of
a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve
FLSA settlements when they are reached as a result of contested litigation to resolve *bona
fide* disputes."); *Yuzmy v. HSBC USA. N.A.,* No. 12 Civ. 3693 (PGG), 2013 WL 5492998, at
*7 (S.D.N.Y. Oct. 2, 2013) (citing *Lynn's Food Stores,* 679 F.2d at 1354; *McMahon v. Olivier
Cheng Catering & Events. LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6
(S.D.N.Y. Mar. 3, 2010)) ("If the proposed FLSA settlement reflects a reasonable
compromise over contested issues, it should be approved."): *Diaz v. Scores Holding Co.,
Inc.,* No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) ("Courts
approve FLSA settlements when they are reached as a result of contested litigation to resolve
*bonafide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case
to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a
reasonable compromise over contested issues, courts will approve the settlement".) (citations
omitted); *Hens v. Clientlogic Operating CmlJ.,* No. 05 Civ. 381S (WMS), 2010 WL 5490833,
at *2 (W.D.N.Y. Dec. 21, 2010) (approving FLSA – not Rule 23 – settlement where the
proposed settlement resolved contested litigation in a *bona fide* dispute, and was the product of
lengthy, vigorous arm's length negotiations between experienced counsel).

Based on the above, the proposed settlement was the result of hard fought and arm's-length
negotiations between experienced counsel, is fair and should be approved. Further litigation will
require both parties to invest substantial time and expenses. While Plaintiffs believes they will
ultimately prevail on their claims, they acknowledge that they face risks to establish damages.
Based on the above, the settlement falls within the range of reasonableness in light of the best

possible recovery and all the risks of litigation, and should be approved. *See, e.g.. Calle,* 2014 WL 6621081, at *3-4 (declaring the settlement agreement fair and reasonable and approving it); *Serebryakov,* 2013 WL 3364393, at * I (adopting Magistrate Judge's Report and Recommendation to approve FLSA settlement); *Peralta v. Allied Contracting II C01p.,* No. 09 Civ. 953 (NGG)(RER), 201 1 WL 3625501, at *I (E.D.N.Y. Aug. 17, 2011) (same).


Dated: September 25, 2017                          Naydenskiy Law Group, P.C.
                                                   _____s/_____
                                                   Gennadiy Naydenskiy
                                                   1517 Voorhies Ave, 2nd Fl.
                                                   Brooklyn, New York 11235
                                                   (718) 808-2224
                                                   naydenskiylaw@gmail.com
                                                   *Attorney for Plaintiff*

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY AGREED BY AND AMONG,** Michael Grinberg and Elizabeth Marzan ("Plaintiffs") and Law Office of Yuriy Prakhin, P.C. and Yuriy Prakhin (collectively, "Defendants") (collectively, Plaintiff and Defendants shall be referred to as the "Parties") as follows:

**WHEREAS**, Plaintiff Grinberg commenced an action in United States District Court, Eastern District of New York on June 24, 2016 styled as *MICHAEL GRINBERG v. LAW OFFICE OF YURIY PRAKHIN, P.C. and YURIY PRAKHIN*, Index No. 16-cv-3514 (hereinafter the "Action") and Plaintiff Elizabeth Marzan consented to opt-in to the Action on January 18, 2017 in which it is asserted that they are entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for wage statement and notice violations under the NYLL; and

**WHEREAS**, Defendants deny all of the material allegations asserted by Plaintiffs and deny and continue to deny that they violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiffs; and

**WHEREAS**, Plaintiffs and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE**, the Plaintiffs and the Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.     In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, wage statement and notice requirements, liquidated damages, penalties, interest and any and all other claims and

1

potential claims asserted by the Plaintiffs including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiffs and Plaintiffs' Counsel as follows:

    (a)     Within 20 days after Court Approval of the Settlement Agreement Defendants will remit the following payments:

    i.   MICHAEL GRINBERG – one check in the amount of $7,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $7,500.00 via Form 1099. MICHAEL GRINBERG shall execute and return a W9 with this agreement.

    ii.   ELIZABETH MARZAN – one check in the amount of $1,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $1,500.00 via Form 1099. ELIZABETH MARZAN shall execute and return a W9 with this agreement.

    iii.   NAYDENSKIY LAW GROUP - Ten Thousand Dollars ($10,000) for reasonable legal fees and costs.

    Defendants will make the payments described herein (collectively the "Settlement Funds") by sending the checks via overnight delivery to the Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

    2.    The Plaintiffs understand that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by Defendants or withheld by Defendants on account of or from the Settlement Amount, with the sole exception of the legally required tax withholdings made by Defendants from those portions of the Settlement Amount that are classified herein as wages. The Plaintiffs acknowledge that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further

acknowledge that they have not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of their receipt of all of the money paid by Defendants pursuant to this Agreement, with the sole exception of the legally required withholdings made from that portion of the Settlement Amount that is classified herein as wages. The Plaintiffs further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Defendants or by the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Defendants harmless against any such liability.

3. Upon full execution of this Agreement and payment of the Settlement Sum (defined above in ¶ 1), the Parties shall dismiss with prejudice the Action by filing a Stipulation of Dismissal With Prejudice (the "Stipulation of Dismissal"). The parties shall simultaneously dismiss Kings County Supreme Court Index No. 516842/2016 by filing a Stipulation of Dismissal With Prejudice. The parties affirm that they have not instituted any other complaint, suit, action, charge or other legal proceeding against Defendants (including their current or former owners, officers, directors, partners, shareholders, board members, trustees, commissioners, employees, agents, parent corporations, subsidiary corporations, wholly owned companies, affiliates and divisions, and their predecessors, successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, agents, representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and administrators, in their respective capacities as such (collectively referred to hereinafter as "Releasees") other than the Action.

3

4.    In return for the consideration described above, Releasor and Employer hereby release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, in their respective capacities as such, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising out of Releasor's employment with Employer and the payment of wages to her, which against each other, their heirs, executors, administrators, agents, successors, and assigns, in their respective capacities as such, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to:

- all Claims arising out of Releasor's employment/attempted employment with Releasee and/or receipt of premises from Releasee, alleging:  unlawful detention of property, conversion;  breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; negligence; recklessness or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity, concerning wages or loss of property;

- all Claims arising under or concerning: *The Fair Labor Standards Act,* 29 U.S.C. § 201 *et* seq. *Article 6 or Sections 190-198 of New York Labor Law, The Lily Ledbetter Fair Pay Act, the Equal Pay Act* and any similar federal law or law of any state or

4

locality; whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards;

- all Claims for: fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

- all Claims arising out of Releasor's employment/attempted employment with Releasee, for: costs, fees or attorneys' fees (other than as provided for above); payment of income and employment taxes, except as to taxes withheld for Releasor's benefit pursuant to paragraph 1 above; and any other Claims arising or accruing up to the date each party hereto signs this Agreement as the result of any cause, matter or thing, of any kind or nature, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement;

- all Claims, whether known or unknown, against each other from the beginning of time to the effective date the agreement herein, including but not limited to, attorney fees.

- all claims filed by Defendant Law Office of Yuriy Prakhin against Plaintiff Michael Grinberg that were alleged or could have been alleged in the Action Index No. 516842/2016 filed in the Kings County Supreme Court.

5

5.    Plaintiffs understand and agree that they have been advised to consult with their own attorney before signing this Agreement, and that they have done so by consulting Gennady Naydenskiy, Esq. of the Naydenskiy Law Group, P.C.

6.    The parties agree that they will not make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to the other, except for statements made pursuant to compulsory legal process and truthful statements about Plaintiffs' experience litigation their case. In response to inquiries regarding Plaintiffs from prospective employers, Defendants will respond only with dates of employment and positions held.

7.    By entering into this Agreement, none of the Parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

8.    If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible

6

under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

9.     The Parties agree that the United States District Court, Eastern District of New York shall retain Jurisdiction for all purposes. Plaintiff may re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

10.    In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

11.    By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

12.    This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

13.    This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

14.    This Agreement may be executed in one or more counterparts, each of which

7

shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

15.    For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Stephen D. Hans, Stephen D. Hans & Associates, 45-18 Court Square, Suite 403, Long Island City, NY, 11101.

Date:  9/24/17                                             Date:

_Michael Grinberg (Sep 24, 2017)_
_____          _____

MICHAEL GRINBERG                        ELIZABETH MARZAN


Date:                                            Date:


_____          _____

YURIY PRAKHIN                           LAW OFFICE OF YURIY
                                        PRAKHIN, P.C.

                                        By:_____

8

# Settlement Agreement Final

Adobe Sign Document History                                        09/24/2017

| | |
|---|---|
| Created: | 09/24/2017 |
| By: | Gennadiy Naydenskiy (naydenskiylaw@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA89UDbElkmTf-f6wPD6y1vrYk02J7gGQd |

## "Settlement Agreement Final" History

Document created by Gennadiy Naydenskiy (naydenskiylaw@gmail.com)
09/24/2017 - 10:38:49 AM PDT- IP address: 72.69.42.220

Document emailed to Michael Grinberg (Grinberg_michael@yahoo.com) for signature
09/24/2017 - 10:40:11 AM PDT

Document viewed by Michael Grinberg (Grinberg_michael@yahoo.com)
09/24/2017 - 12:01:45 PM PDT- IP address: 66.87.117.136

Document e-signed by Michael Grinberg (Grinberg_michael@yahoo.com)
Signature Date: 09/24/2017 - 12:08:31 PM PDT - Time Source: server- IP address: 66.87.117.136

Signed document emailed to Michael Grinberg (Grinberg_michael@yahoo.com) and Gennadiy Naydenskiy
(naydenskiylaw@gmail.com)
09/24/2017 - 12:08:31 PM PDT

Adobe Sign

## SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY AGREED BY AND AMONG,** Michael Grinberg and Elizabeth Marzan ("Plaintiffs") and Law Office of Yuriy Prakhin, P.C. and Yuriy Prakhin (collectively, "Defendants") (collectively, Plaintiff and Defendants shall be referred to as the "Parties") as follows:

**WHEREAS**, Plaintiff Grinberg commenced an action in United States District Court, Eastern District of New York on June 24, 2016 styled as *MICHAEL GRINBERG v. LAW OFFICE OF YURIY PRAKHIN, P.C. and YURIY PRAKHIN*, Index No. 16-cv-3514 (hereinafter the "Action") and Plaintiff Elizabeth Marzan consented to opt-in to the Action on January 18, 2017 in which it is asserted that they are entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for wage statement and notice violations under the NYLL; and

**WHEREAS**, Defendants deny all of the material allegations asserted by Plaintiffs and deny and continue to deny that they violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiffs; and

**WHEREAS**, Plaintiffs and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE**, the Plaintiffs and the Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.    In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, wage statement and notice requirements, liquidated damages, penalties, interest and any and all other claims and

1

potential claims asserted by the Plaintiffs including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiffs and Plaintiffs' Counsel as follows:

    (a)    Within 20 days after Court Approval of the Settlement Agreement Defendants will remit the following payments:

    i.   MICHAEL GRINBERG – one check in the amount of $7,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $7,500.00 via Form 1099. MICHAEL GRINBERG shall execute and return a W9 with this agreement.

    ii.   ELIZABETH MARZAN – one check in the amount of $1,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $1,500.00 via Form 1099. ELIZABETH MARZAN shall execute and return a W9 with this agreement.

    iii.   NAYDENSKIY LAW GROUP - Ten Thousand Dollars ($10,000) for reasonable legal fees and costs.

Defendants will make the payments described herein (collectively the "Settlement Funds") by sending the checks via overnight delivery to the Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

    2.    The Plaintiffs understand that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by Defendants or withheld by Defendants on account of or from the Settlement Amount, with the sole exception of the legally required tax withholdings made by Defendants from those portions of the Settlement Amount that are classified herein as wages. The Plaintiffs acknowledge that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further

2

acknowledge that they have not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of their receipt of all of the money paid by Defendants pursuant to this Agreement, with the sole exception of the legally required withholdings made from that portion of the Settlement Amount that is classified herein as wages. The Plaintiffs further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Defendants or by the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Defendants harmless against any such liability.

3.    Upon full execution of this Agreement and payment of the Settlement Sum (defined above in ¶ 1), the Parties shall dismiss with prejudice the Action by filing a Stipulation of Dismissal With Prejudice (the "Stipulation of Dismissal"). The parties shall simultaneously dismiss Kings County Supreme Court Index No. 516842/2016 by filing a Stipulation of Dismissal With Prejudice. The parties affirm that they have not instituted any other complaint, suit, action, charge or other legal proceeding against Defendants (including their current or former owners, officers, directors, partners, shareholders, board members, trustees, commissioners, employees, agents, parent corporations, subsidiary corporations, wholly owned companies, affiliates and divisions, and their predecessors, successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, agents, representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and administrators, in their respective capacities as such (collectively referred to hereinafter as "Releasees") other than the Action.

3

4.      In return for the consideration described above, Releasor and Employer hereby release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, in their respective capacities as such, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising out of Releasor's employment with Employer and the payment of wages to her, which against each other, their heirs, executors, administrators, agents, successors, and assigns, in their respective capacities as such, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to:

- all Claims arising out of Releasor's employment/attempted employment with Releasee and/or receipt of premises from Releasee, alleging:  unlawful detention of property, conversion;   breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; negligence; recklessness or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity, concerning wages or loss of property;

- all Claims arising under or concerning: *The Fair Labor Standards Act,* 29 U.S.C. § 201 *et* seq. *Article 6 or Sections 190-198 of New York Labor Law, The Lily Ledbetter Fair Pay Act, the Equal Pay Act* and any similar federal law or law of any state or

4

locality; whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards;

- all Claims for:   fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

- all Claims arising out of Releasor's employment/attempted employment with Releasee, for: costs, fees or attorneys' fees (other than as provided for above); payment of income and employment taxes, except as to taxes withheld for Releasor's benefit pursuant to paragraph 1 above; and any other Claims arising or accruing up to the date each party hereto signs this Agreement as the result of any cause, matter or thing, of any kind or nature, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement;

- all Claims, whether known or unknown, against each other from the beginning of time to the effective date the agreement herein, including but not limited to, attorney fees.

- all claims filed by Defendant Law Office of Yuriy Prakhin against Plaintiff Michael Grinberg that were alleged or could have been alleged in the Action Index No. 516842/2016 filed in the Kings County Supreme Court.

5

5.      Plaintiffs understand and agree that they have been advised to consult with their own attorney before signing this Agreement, and that they have done so by consulting Gennady Naydenskiy, Esq. of the Naydenskiy Law Group, P.C.

6.      The parties agree that they will not make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to the other, except for statements made pursuant to compulsory legal process and truthful statements about Plaintiffs' experience litigation their case. In response to inquiries regarding Plaintiffs from prospective employers, Defendants will respond only with dates of employment and positions held.

7.      By entering into this Agreement, none of the Parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

8.      If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible

6

under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

9.      The Parties agree that the United States District Court, Eastern District of New York shall retain Jurisdiction for all purposes. Plaintiff may re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

10.      In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

11.      By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

12.      This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

13.      This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

14.      This Agreement may be executed in one or more counterparts, each of which

shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

15.    For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Stephen D. Hans, Stephen D. Hans & Associates, 45-18 Court Square, Suite 403, Long Island City, NY, 11101.

Date: _____

_____
MICHAEL GRINBERG

Date: _____

_____
YURIY PRAKHIN

Date: _____

*Elizabeth Marzan*
Elizabeth Marzan (Sep 25, 2017)
_____
ELIZABETH MARZAN

Date: _____

_____
LAW OFFICE OF YURIY PRAKHIN, P.C.

By:_____

8

# Settlement Agreement Final

Adobe Sign Document History                                    09/25/2017

| Created: | 09/24/2017 |
|---|---|
| By: | Gennadiy Naydenskiy (naydenskiylaw@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAXQXJ3axZeSR54eQkCJmKBXzUNqItwzY3 |

## "Settlement Agreement Final" History

Document created by Gennadiy Naydenskiy (naydenskiylaw@gmail.com)
09/24/2017 - 10:42:19 AM PDT- IP address: 72.69.42.220

Document emailed to Elizabeth Marzan (salsaliz31@optimum.net) for signature
09/24/2017 - 10:43:20 AM PDT

Document viewed by Elizabeth Marzan (salsaliz31@optimum.net)
09/25/2017 - 10:38:29 AM PDT- IP address: 66.193.183.178

Document e-signed by Elizabeth Marzan (salsaliz31@optimum.net)
Signature Date: 09/25/2017 - 10:39:15 AM PDT - Time Source: server- IP address: 66.193.183.178

Signed document emailed to Elizabeth Marzan (salsaliz31@optimum.net) and Gennadiy Naydenskiy
(naydenskiylaw@gmail.com)
09/25/2017 - 10:39:15 AM PDT

Adobe Sign

## SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY AGREED BY AND AMONG,** Michael Grinberg and Elizabeth Marzan ("Plaintiffs") and Law Office of Yuriy Prakhin, P.C. and Yuriy Prakhin (collectively, "Defendants") (collectively, Plaintiff and Defendants shall be referred to as the "Parties") as follows:

**WHEREAS,** Plaintiff Grinberg commenced an action in United States District Court, Eastern District of New York on June 24, 2016 styled as *MICHAEL GRINBERG v. LAW OFFICE OF YURIY PRAKHIN, P.C. and YURIY PRAKHIN,* Index No. 16-cv-3514 (hereinafter the "Action") and Plaintiff Elizabeth Marzan consented to opt-in to the Action on January 18, 2017 in which it is asserted that they are entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for wage statement and notice violations under the NYLL; and

**WHEREAS,** Defendants deny all of the material allegations asserted by Plaintiffs and deny and continue to deny that they violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiffs; and

**WHEREAS,** Plaintiffs and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE,** the Plaintiffs and the Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.        In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, wage statement and notice requirements, liquidated damages, penalties, interest and any and all other claims and

1

potential claims asserted by the Plaintiffs including attorneys' fees and costs, Defendants

hereby agree to cause to be paid to the Plaintiffs and Plaintiffs' Counsel as follows:

      (a)     Within 20 days after Court Approval of the Settlement Agreement Defendants

will remit the following payments:

     i.    MICHAEL GRINBERG – one check in the amount of $7,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $7,500.00 via Form 1099. MICHAEL GRINBERG shall execute and return a W9 with this agreement.

    ii.    ELIZABETH MARZAN –one check in the amount of $1,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $1,500.00 via Form 1099. ELIZABETH MARZAN shall execute and return a W9 with this agreement.

    iii.    NAYDENSKIY LAW GROUP - Ten Thousand Dollars ($10,000) for reasonable legal fees and costs.

Defendants will make the payments described herein (collectively the "Settlement Funds") by sending the checks via overnight delivery to the Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.


      2.     The Plaintiffs understand that no federal, state or local income taxes, payroll taxes

or other taxes or withholdings have been or will be paid by Defendants or withheld by

Defendants on account of or from the Settlement Amount, with the sole exception of the legally

required tax withholdings made by Defendants from those portions of the Settlement Amount

that are classified herein as wages. The Plaintiffs acknowledge that the Defendants and their

counsel do not make and have not made any representations regarding the taxability of such

amounts or the necessity for making withholdings therefrom, and the Plaintiffs further

acknowledge that they have not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of their receipt of all of the money paid by Defendants pursuant to this Agreement, with the sole exception of the legally required withholdings made from that portion of the Settlement Amount that is classified herein as wages. The Plaintiffs further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Defendants or by the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Defendants harmless against any such liability.

3.      Upon full execution of this Agreement and payment of the Settlement Sum (defined above in ¶ 1), the Parties shall dismiss with prejudice the Action by filing a Stipulation of Dismissal With Prejudice (the "Stipulation of Dismissal"). The parties shall simultaneously dismiss Kings County Supreme Court Index No. 516842/2016 by filing a Stipulation of Dismissal With Prejudice. The parties affirm that they have not instituted any other complaint, suit, action, charge or other legal proceeding against Defendants (including their current or former owners, officers, directors, partners, shareholders, board members, trustees, commissioners, employees, agents, parent corporations, subsidiary corporations, wholly owned companies, affiliates and divisions, and their predecessors, successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, agents, representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and administrators, in their respective capacities as such (collectively referred to hereinafter as "Releasees") other than the Action.

3

4.      In return for the consideration described above, Releasor and Employer hereby release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, in their respective capacities as such, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising out of Releasor's employment with Employer and the payment of wages to her, which against each other, their heirs, executors, administrators, agents, successors, and assigns, in their respective capacities as such, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to:

- all Claims arising out of Releasor's employment/attempted employment with Releasee and/or receipt of premises from Releasee, alleging: unlawful detention of property, conversion; breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; negligence; recklessness or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity, concerning wages or loss of property;

- all Claims arising under or concerning:  *The Fair Labor Standards Act,* 29 U.S.C. § 201 et seq. *Article 6 or Sections 190-198 of New York Labor Law, The Lily Ledbetter Fair Pay Act, the Equal Pay Act* and any similar federal law or law of any state or

4

locality; whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards;

- all Claims for:    fringe benefits;   employee benefits;   employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

- all Claims arising out of Releasor's employment/attempted employment with Releasee, for:  costs, fees or attorneys' fees (other than as provided for above); payment of income and employment taxes, except as to taxes withheld for Releasor's benefit pursuant to paragraph 1 above; and any other Claims arising or accruing up to the date each party hereto signs this Agreement as the result of any cause, matter or thing, of any kind or nature, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement;

- all Claims, whether known or unknown, against each other from the beginning of time to the effective date the agreement herein, including but not limited to, attorney fees.

- all claims filed by Defendant Law Office of Yuriy Prakhin against Plaintiff Michael Grinberg that were alleged or could have been alleged in the Action Index No. 516842/2016 filed in the Kings County Supreme Court.

5

5.      Plaintiffs understand and agree that they have been advised to consult with their own attorney before signing this Agreement, and that they have done so by consulting Gennady Naydenskiy, Esq. of the Naydenskiy Law Group, P.C.

6.      The parties agree that they will not make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to the other, except for statements made pursuant to compulsory legal process and truthful statements about Plaintiffs' experience litigation their case. In response to inquiries regarding Plaintiffs from prospective employers, Defendants will respond only with dates of employment and positions held.

7.      By entering into this Agreement, none of the Parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

8.      If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible

under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

9.     The Parties agree that the United States District Court, Eastern District of New York shall retain Jurisdiction for all purposes. Plaintiff may re-open the case if Defendants fail to disburse any check as described in Paragraph 1.

10.     In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

11.     By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

12.     This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

13.     This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

14.     This Agreement may be executed in one or more counterparts, each of which

shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

15.    For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Stephen D. Hans, Stephen D. Hans & Associates, 45-18 Court Square, Suite 403, Long Island City, NY, 11101.

Date:

_____

MICHAEL GRINBERG

Date:

*Elizabeth Marzan*
Elizabeth Marzan (Sep 25, 2017)
_____

ELIZABETH MARZAN

Date:

_____

YURIY PRAKHIN

Date:

_____

LAW OFFICE OF YURIY PRAKHIN, P.C.

By: _____

8

# Settlement Agreement Final

### Adobe Sign Document History

09/25/2017

| | |
|---|---|
| Created: | 09/24/2017 |
| By: | Gennadiy Naydenskiy (naydenskiylaw@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAXQXJ3axZeSR54eQkCJmKBXzUNqltwzY3 |

## "Settlement Agreement Final" History

Document created by Gennadiy Naydenskiy (naydenskiylaw@gmail.com)
09/24/2017 - 10:42:19 AM PDT- IP address: 72.69.42.220

Document emailed to Elizabeth Marzan (salsaliz31@optimum.net) for signature
09/24/2017 - 10:43:20 AM PDT

Document viewed by Elizabeth Marzan (salsaliz31@optimum.net)
09/25/2017 - 10:38:29 AM PDT- IP address: 66.193.183.178

Document e-signed by Elizabeth Marzan (salsaliz31@optimum.net)
Signature Date: 09/25/2017 - 10:39:15 AM PDT - Time Source: server- IP address: 66.193.183.178

Signed document emailed to Elizabeth Marzan (salsaliz31@optimum.net) and Gennadiy Naydenskiy (naydenskiylaw@gmail.com)
09/25/2017 - 10:39:15 AM PDT

Adobe Sign

## SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY AGREED BY AND AMONG,** Michael Grinberg and Elizabeth Marzan ("Plaintiffs") and Law Office of Yuriy Prakhin, P.C. and Yuriy Prakhin (collectively, "Defendants") (collectively, Plaintiff and Defendants shall be referred to as the "Parties") as follows:

**WHEREAS,** Plaintiff Grinberg commenced an action in United States District Court, Eastern District of New York on June 24, 2016 styled as *MICHAEL GRINBERG v. LAW OFFICE OF YURIY PRAKHIN, P.C. and YURIY PRAKHIN*, Index No. 16-cv-3514 (hereinafter the "Action") and Plaintiff Elizabeth Marzan consented to opt-in to the Action on January 18, 2017 in which it is asserted that they are entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for wage statement and notice violations under the NYLL; and

**WHEREAS**, Defendants deny all of the material allegations asserted by Plaintiffs and deny and continue to deny that they violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiffs; and

**WHEREAS**, Plaintiffs and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE,** the Plaintiffs and the Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.      In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, wage statement and notice requirements, liquidated damages, penalties, interest and any and all other claims and

1

potential claims asserted by the Plaintiffs including attorneys' fees and costs, Defendants hereby agree to cause to be paid to the Plaintiffs and Plaintiffs' Counsel as follows:

    (a)    Within 20 days after Court Approval of the Settlement Agreement Defendants will remit the following payments:

    i.    MICHAEL GRINBERG – one check in the amount of $7,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $7,500.00 via Form 1099. MICHAEL GRINBERG shall execute and return a W9 with this agreement.

    ii.    ELIZABETH MARZAN – one check in the amount of $1,500.00 representing wages minus the lawful deductions via W2 and a second check in the amount of $1,500.00 via Form 1099. ELIZABETH MARZAN shall execute and return a W9 with this agreement.

    iii.    NAYDENSKIY LAW GROUP - Ten Thousand Dollars ($10,000) for reasonable legal fees and costs.

Defendants will make the payments described herein (collectively the "Settlement Funds") by sending the checks via overnight delivery to the Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

    2.    The Plaintiffs understand that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by Defendants or withheld by Defendants on account of or from the Settlement Amount, with the sole exception of the legally required tax withholdings made by Defendants from those portions of the Settlement Amount that are classified herein as wages. The Plaintiffs acknowledge that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further

acknowledge that they have not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts.  The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of their receipt of all of the money paid by Defendants pursuant to this Agreement, with the sole exception of the legally required withholdings made from that portion of the Settlement Amount that is classified herein as wages.  The Plaintiffs further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Defendants or by the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Defendants harmless against any such liability.

3.     Upon full execution of this Agreement and payment of the Settlement Sum (defined above in ¶ 1), the Parties shall dismiss with prejudice the Action by filing a Stipulation of Dismissal With Prejudice (the "Stipulation of Dismissal"). The parties shall simultaneously dismiss Kings County Supreme Court Index No. 516842/2016 by filing a Stipulation of Dismissal With Prejudice. The parties affirm that they have not instituted any other complaint, suit, action, charge or other legal proceeding against Defendants (including their current or former owners, officers, directors, partners, shareholders, board members, trustees, commissioners, employees, agents, parent corporations, subsidiary corporations, wholly owned companies, affiliates and divisions, and their predecessors, successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, agents, representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and administrators, in their respective capacities as such (collectively referred to hereinafter as "Releasees") other than the Action.

3

4.      In return for the consideration described above, Releasor and Employer hereby release and forever discharge each other, their agents, employees, successors, and assigns, and all affiliated business entities, in their respective capacities as such, from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, arising out of Releasor's employment with Employer and the payment of wages to her, which against each other, their heirs, executors, administrators, agents, successors, and assigns, in their respective capacities as such, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to:

- all Claims arising out of Releasor's employment/attempted employment with Releasee and/or receipt of premises from Releasee, alleging:  unlawful detention of property, conversion;   breach of promise, breach of contract or implied contract; fraud; misrepresentation; fraudulent inducement; promissory estoppel; unjust enrichment; quantum meruit; conversion; negligence; recklessness or otherwise arising under any common law theory or in tort, contract or quasi-contract, whether in law or equity, concerning wages or loss of property;

- all Claims arising under or concerning: *The Fair Labor Standards Act,* 29 U.S.C. § 201 et seq. *Article 6 or Sections 190-198 of New York Labor Law, The Lily Ledbetter Fair Pay Act, the Equal Pay Act* and any similar federal law or law of any state or

4

locality; whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards;

- all Claims for:   fringe benefits; employee benefits; employee contributions; supplemental benefits; allowances; reimbursement; participation in any benefit plan; administration or application of any benefit plan; and any claims for non-vested benefits arising under ERISA;

- all Claims arising out of Releasor's employment/attempted employment with Releasee, for:  costs, fees or attorneys' fees (other than as provided for above); payment of income and employment taxes, except as to taxes withheld for Releasor's benefit pursuant to paragraph 1 above; and any other Claims arising or accruing up to the date each party hereto signs this Agreement as the result of any cause, matter or thing, of any kind or nature, against each other, their agents, successors and assigns, both individually and in their official capacities, from the beginning of the world to the date of this Agreement;

- all Claims, whether known or unknown, against each other from the beginning of time to the effective date the agreement herein, including but not limited to, attorney fees.

- all claims filed by Defendant Law Office of Yuriy Prakhin against Plaintiff Michael Grinberg that were alleged or could have been alleged in the Action Index No. 516842/2016 filed in the Kings County Supreme Court.

5

5.      Plaintiffs understand and agree that they have been advised to consult with their own attorney before signing this Agreement, and that they have done so by consulting Gennady Naydenskiy, Esq. of the Naydenskiy Law Group, P.C.

6.      The parties agree that they will not make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to the other, except for statements made pursuant to compulsory legal process and truthful statements about Plaintiffs' experience litigation their case. In response to inquiries regarding Plaintiffs from prospective employers, Defendants will respond only with dates of employment and positions held.

7.      By entering into this Agreement, none of the Parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

8.      If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible

under applicable law  and that such provision shall be reformed to make it enforceable in

accordance with the intent of  the parties.  If any provisions of this Agreement are held to be

invalid or unenforceable, such  invalidation or unenforceability shall not affect the validity or

enforceability of any other portion  hereof.

     9.     The Parties agree that the United States District Court, Eastern District of New

York shall retain Jurisdiction for all purposes. Plaintiff may re-open the case if Defendants fail to

disburse any check as described in Paragraph 1.

     10.     In the event any party violates, or purports to violate, any of the provisions

of this  Agreement, the failure of the other party or parties, at any time to enforce any of their

rights or  remedies with respect thereto, shall not constitute a waiver by that party or those parties

of any of  their rights and remedies to enforce this Agreement, either with respect to the same

violation or  to any future violations of any of the provisions of this Agreement.

     11.     By signing this Agreement, Defendants and Plaintiff know of no reason why

their  respective signatures would be ineffective in any way to bind them.

     12.     This Agreement represents the entire agreement between Plaintiff and

Defendants. This  Agreement cannot be amended, supplemented, or modified, nor may any

provision be waived,  except by a written instrument executed by the party against whom

enforcement of any such  amendment, supplement, modification or waiver is sought. Each party

stipulates and agrees that,  in entering into this Agreement, they are not relying on any

representation made by any other  party unless such representation is expressly set forth herein.

     13.     This Agreement shall be governed by the laws of the State of New York, without

regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

     14.     This Agreement may be executed in one or more counterparts, each of which

shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

15.    For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Group, P.C., 1517 Voorhies Ave, 2nd Fl., Brooklyn, NY, 11235.

For Defendant(s): Stephen D. Hans, Stephen D. Hans & Associates, 45-18 Court Square, Suite 403, Long Island City, NY, 11101.

Date: 9/24/17

_Michael Grinberg (Sep 24, 2017)_

MICHAEL GRINBERG

Date:

ELIZABETH MARZAN

Date:

YURIY PRAKHIN

Date:

LAW OFFICE OF YURIY PRAKHIN, P.C.

By:

8

# Settlement Agreement Final

Adobe Sign Document History                    09/24/2017

| | |
|---|---|
| Created: | 09/24/2017 |
| By: | Gennadiy Naydenskiy (naydenskiylaw@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA89UDbElkmTf-f6wPD6y1vrYk02J7gGQd |

## "Settlement Agreement Final" History

📄 Document created by Gennadiy Naydenskiy (naydenskiylaw@gmail.com)
09/24/2017 - 10:38:49 AM PDT- IP address: 72.69.42.220

📧 Document emailed to Michael Grinberg (Grinberg_michael@yahoo.com) for signature
09/24/2017 - 10:40:11 AM PDT

📄 Document viewed by Michael Grinberg (Grinberg_michael@yahoo.com)
09/24/2017 - 12:01:45 PM PDT- IP address: 66.87.117.136

✍️ Document e-signed by Michael Grinberg (Grinberg_michael@yahoo.com)
Signature Date: 09/24/2017 - 12:08:31 PM PDT - Time Source: server- IP address: 66.87.117.136

✅ Signed document emailed to Michael Grinberg (Grinberg_michael@yahoo.com) and Gennadiy Naydenskiy
(naydenskiylaw@gmail.com)
09/24/2017 - 12:08:31 PM PDT

Adobe Sign

# EXHIBIT B

CONFIDENTIAL - FOR SETTLEMENT PURPOSES ONLY

**Damages Calculation: Michael Grinberg**

| Week Beginning | Hours | Minutes | Hours/week | Reg Hrs | O/T Hrs | Gross Wages Paid | Rate of Pay | OT Rate | Lawful Pay | OT Owed | Liquidated Damages | Total Damages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/11/2010 | 42 | 35 | 42.58 | 40.00 | 2.58 | $769.23 | $19.23 | $28.85 | $843.72 | $74.49 | $74.49 | $148.97 |
| 11/18/2010 | 43 | 0 | 43.00 | 40.00 | 3.00 | $769.23 | $19.23 | $28.85 | $855.74 | $86.51 | $86.51 | $173.01 |
| 11/25/2010 | 25 | 30 | 25.50 | 25.50 | 0.00 | $769.20 | $19.23 | $28.85 | $490.37 | $0.00 | $0.00 | $0.00 |
| 11/30/2010 | 47 | 0 | 47.00 | 40.00 | 7.00 | $903.81 | $19.23 | $28.85 | $971.12 | $67.31 | $67.31 | $134.61 |
| 12/2/2010 | 41 | 30 | 41.50 | 40.00 | 1.50 | $769.20 | $19.23 | $28.85 | $812.47 | $43.27 | $43.27 | $86.54 |
| 12/9/2010 | 44 | 0 | 44.00 | 40.00 | 4.00 | $769.20 | $19.23 | $28.85 | $884.58 | $115.38 | $115.38 | $230.76 |
| 12/16/2010 | 41 | 0 | 41.00 | 40.00 | 1.00 | $769.20 | $19.23 | $28.85 | $798.05 | $28.85 | $28.85 | $57.69 |
| 12/23/2010 | 37 | 0 | 37.00 | 37.00 | 0.00 | $769.20 | $23.49 | $35.24 | $869.20 | $100.00 | $100.00 | $200.00 |
| Misc Bonus Pay 12/24 | | | | | | $100.00 | | | | | | |
| 12/29/2010 | 43 | 30 | 43.50 | 40.00 | 3.50 | $836.51 | $19.23 | $28.85 | $870.16 | $33.65 | $33.65 | $67.31 |
| 12/30/2010 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 1/5/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 1/12/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 1/19/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 1/26/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 1/31/2011 | 33 | 0 | 33.00 | 33.00 | 0.00 | $634.59 | $19.23 | $28.85 | $634.59 | $0.00 | $0.00 | $0.00 |
| 2/2/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 2/9/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 2/16/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 2/23/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 2/28/2011 | 31 | 0 | 31.00 | 31.00 | 0.00 | $596.13 | $19.23 | $28.85 | $596.13 | $0.00 | $0.00 | $0.00 |
| 3/2/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 3/9/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 3/16/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 3/23/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 3/30/2011 | 65 | 0 | 65.00 | 40.00 | 25.00 | $1,249.95 | $19.23 | $28.85 | $1,490.33 | $240.38 | $240.38 | $480.75 |
| 4/6/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 4/13/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 4/20/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 4/27/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 5/6/2011 | 79 | 0 | 79.00 | 40.00 | 39.00 | $1,519.17 | $19.23 | $28.85 | $1,894.16 | $374.99 | $374.99 | $749.97 |
| 5/13/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 5/20/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 5/25/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 6/1/2011 | 53 | 0 | 53.00 | 40.00 | 13.00 | $1,019.19 | $19.23 | $28.85 | $1,144.19 | $125.00 | $125.00 | $249.99 |
| 6/8/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 6/15/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 6/23/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 6/29/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 6/30/2011 | 33 | 30 | 33.50 | 33.50 | 0.00 | $644.21 | $19.23 | $28.85 | $644.21 | $0.00 | $0.00 | $0.00 |
| 7/9/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 7/13/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |

| Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/20/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 7/27/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 7/28/2011 | 33 | 0.5 | 33.01 | 33.01 | 0.00 | $644.21 | $19.23 | $28.85 | $634.76 | $0.00 | $0.00 | $0.00 |
| 8/3/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 8/10/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 8/17/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 8/24/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 8/31/2011 | 40 | 23.5 | 40.39 | 40.00 | 0.39 | $769.20 | $19.23 | $28.85 | $780.50 | $11.30 | $11.30 | $22.60 |
| 9/7/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 9/14/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 9/21/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 9/28/2011 | 81 | 0 | 81.00 | 40.00 | 41.00 | $1,557.63 | $19.23 | $28.85 | $1,951.85 | $394.22 | $394.22 | $788.43 |
| 10/5/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 10/12/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 10/19/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 10/26/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 11/2/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 11/3/2011 | 70 | 30 | 70.50 | 40.00 | 30.50 | $1,355.72 | $19.23 | $28.85 | $1,648.98 | $293.26 | $293.26 | $586.52 |
| 11/9/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 11/16/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 11/23/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 11/30/2011 | 100 | 0 | 100.00 | 40.00 | 60.00 | $1,923.00 | $19.23 | $28.85 | $2,499.90 | $576.90 | $576.90 | $1,153.80 |
| 12/7/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 12/14/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 12/21/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 12/22/2011 Bonus | 40 | | | | | $769.20 | | | | | | |
| 12/27/2011 | 41 | 30 | 41.50 | 40.00 | 1.50 | $798.05 | $19.23 | $28.85 | $812.47 | $14.42 | $14.42 | $28.85 |
| 12/28/2011 | 40 | 0 | 40.00 | 40.00 | 0.00 | $769.20 | $19.23 | $28.85 | $769.20 | $0.00 | $0.00 | $0.00 |
| 1/11/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 1/13/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 1/20/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 1/27/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 2/3/2012 | 55 | 0 | 55.00 | 40.00 | 15.00 | $865.60 | $21.64 | $32.46 | $1,352.50 | $162.30 | $162.30 | $324.60 |
| Misc Pay 2/3/2012 | | | | | | $324.60 | | | $0.00 | | | |
| 2/10/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 2/17/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 2/24/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 3/2/2012 | 62 | 0 | 62.00 | 40.00 | 22.00 | $865.60 | $21.64 | $32.46 | $1,579.72 | $238.04 | $238.04 | $476.08 |
| Misc Pay 3/2/2012 | | | | | | $476.08 | | | | | | |
| 3/9/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 3/16/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 3/23/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 3/30/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 4/6/2012 | 78 | 0 | 78.00 | 40.00 | 38.00 | $865.60 | $21.64 | $32.46 | $2,099.08 | $411.16 | $411.16 | $822.32 |
| Misc Pay 4/6/2012 | | | | | | $822.32 | | | | | | |
| 4/13/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 4/20/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |

| Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/27/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 5/4/2012 | 84 | 30 | 84.50 | 40.00 | 44.50 | $865.60 | $21.64 | $32.46 | $2,310.07 | $481.49 | $481.49 | $962.98 |
| Misc Pay 5/04/2012 | | | | | | $962.98 | | | | | | |
| 5/11/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 5/18/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 5/25/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 6/1/2012 | 71 | 0 | 71.00 | 40.00 | 31.00 | $865.60 | $21.64 | $32.46 | $1,871.86 | $335.42 | $335.42 | $670.84 |
| Misc Pay 6/1/2012 | | | | | | $670.84 | | | | | | |
| 6/8/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 6/15/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 6/22/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 6/29/2012 | 70 | 30 | 70.50 | 40.00 | 30.50 | $865.60 | $21.64 | $32.46 | $1,855.63 | $330.01 | $330.01 | $660.02 |
| Misc Pay 6/29/2012 | | | | | | $660.02 | | | | | | |
| 7/6/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/13/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/20/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/27/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 8/3/2012 | 76 | 30 | 76.50 | 40.00 | 36.50 | $865.60 | $21.64 | $32.46 | $2,050.39 | $394.93 | $394.93 | $789.86 |
| Misc Pay 8/3/2012 | | | | | | $789.86 | | | | | | |
| 8/10/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 8/17/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 8/24/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 8/31/2012 | 77 | 30 | 77.50 | 40.00 | 37.50 | $865.60 | $21.64 | $32.46 | $2,082.85 | $405.75 | $405.75 | $811.50 |
| Misc Pay 8/31/2012 | | | | | | $811.50 | | | | | | |
| 9/7/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 9/14/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 9/21/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 9/28/2012 | 62 | 0 | 62.00 | 40.00 | 22.00 | $865.60 | $21.64 | $32.46 | $1,579.63 | $238.03 | $238.03 | $476.05 |
| Misc Pay 9/28/2012 | | | | | | $476.00 | | | | | | |
| 10/5/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 10/12/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 10/19/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 10/26/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 11/2/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $38.14 | $57.21 | $1,525.60 | $660.00 | $660.00 | $1,320.00 |
| Misc Pay 11/2/2012 | | | | | | $660.00 | | | | | | |
| 11/9/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 11/16/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 11/23/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 11/30/2012 | 90 | 0 | 90.00 | 40.00 | 50.00 | $865.60 | $21.64 | $32.46 | $2,488.60 | $541.00 | $541.00 | $1,082.00 |
| Misc Pay 11/30/2012 | | | | | | $1,082.00 | $0.00 | | $0.00 | | | |
| 12/7/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 12/14/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 12/21/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 12/28/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| Misc Pay 12/28/2012 | | | | | | $681.66 | $0.00 | | | | | |
| 12/29/2012 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 1/5/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |

| Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/12/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 1/19/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 1/26/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 2/2/2013 | 71 | 30 | 71.50 | 40.00 | 31.50 | $865.60 | $21.64 | $32.47 | $1,888.50 | $340.90 | $340.90 | $681.81 |
| Misc Pay 2/2/2013 | | | | | | $682.00 | | | $0.00 | | | |
| 2/9/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 2/16/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 2/23/2013 | 70 | 0 | 70.00 | 40.00 | 30.00 | $865.60 | $21.64 | $32.46 | $1,839.40 | $324.60 | $324.60 | $649.20 |
| Misc Pay 2/23/2013 | | | | | | $649.20 | | | $0.00 | | | |
| 2/28/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 3/7/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 3/14/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 3/21/2013 | 63 | 0 | 63.00 | 40.00 | 23.00 | $865.60 | $21.64 | $32.47 | $1,612.51 | $248.91 | $248.91 | $497.82 |
| Misc Pay 3/21/2013 | | | | | | $498.00 | | | $0.00 | | | |
| 3/28/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 4/4/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 4/11/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 4/18/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 4/25/2013 | 60 | 30 | 60.50 | 40.00 | 20.50 | $865.60 | $21.65 | $32.47 | $1,531.47 | $221.87 | $221.87 | $443.75 |
| Misc Pay 4/25/2013 | | | | | | $444.00 | | | $0.00 | | | |
| 5/2/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 5/9/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 5/16/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 5/23/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 5/30/2013 | 48 | 30 | 48.50 | 40.00 | 8.50 | $865.60 | $21.64 | $32.46 | $1,141.58 | $91.98 | $91.98 | $183.95 |
| Misc Pay 5/30/2013 | | | | | | $184.00 | | | $0.00 | | | |
| 6/6/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 6/13/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 6/20/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 6/27/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/4/2013 | 40 | 0 | 40.00 | 40.00 | 0.00 | $865.60 | $21.64 | $32.46 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/8/2013 | 31 | 52 | 31.87 | 31.87 | 0.00 | $865.60 | $27.16 | $40.74 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/11/2013 | 25 | 20 | 25.33 | 25.33 | 0.00 | $865.60 | $34.17 | $51.25 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/18/2013 | 33 | 4 | 33.07 | 33.07 | 0.00 | $865.60 | $26.18 | $39.27 | $865.60 | $0.00 | $0.00 | $0.00 |
| 7/25/2013 | 43 | 28 | 43.47 | 40.00 | 3.47 | $865.60 | $19.91 | $29.87 | $900.12 | $34.52 | $34.52 | $69.04 |
| 8/1/2013 | 38 | 16 | 38.27 | 38.27 | 0.00 | $757.40 | $19.79 | $29.69 | $757.40 | $0.00 | $0.00 | $0.00 |
| 8/8/2013 | 40 | 20 | 40.33 | 40.00 | 0.33 | $865.60 | $21.46 | $32.19 | $869.18 | $3.58 | $3.58 | $7.15 |
| 8/15/2013 | 42 | 0 | 42.00 | 40.00 | 2.00 | $865.60 | $20.61 | $30.91 | $886.21 | $20.61 | $20.61 | $41.22 |
| 8/22/2013 | 39 | 58 | 39.97 | 39.97 | 0.00 | $854.78 | $21.39 | $32.08 | $854.78 | $0.00 | $0.00 | $0.00 |
| 8/29/2013 | 31 | 58 | 31.97 | 31.97 | 0.00 | $865.60 | $27.08 | $40.62 | $865.60 | $0.00 | $0.00 | $0.00 |
| 9/5/2013 | 33 | 6 | 33.10 | 33.10 | 0.00 | $865.60 | $26.15 | $39.23 | $865.60 | $0.00 | $0.00 | $0.00 |
| 9/12/2013 | 37 | 27 | 37.45 | 37.45 | 0.00 | $822.32 | $21.96 | $32.94 | $822.32 | $0.00 | $0.00 | $0.00 |
| 9/19/2013 | 36 | 46 | 36.77 | 36.77 | 0.00 | $865.60 | $23.54 | $35.31 | $865.60 | $0.00 | $0.00 | $0.00 |
| 9/26/2013 | 39 | 23 | 39.38 | 39.38 | 0.00 | $854.78 | $21.70 | $32.56 | $854.78 | $0.00 | $0.00 | $0.00 |
| 10/3/2013 | 38 | 48 | 38.80 | 38.80 | 0.00 | $843.96 | $21.75 | $32.63 | $843.96 | $0.00 | $0.00 | $0.00 |
| 10/10/2013 | 39 | 59 | 39.98 | 39.98 | 0.00 | $865.60 | $21.65 | $32.47 | $865.60 | $0.00 | $0.00 | $0.00 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/17/2013 | 36 | 26 | 36.43 | 36.43 | 0.00 | $865.56 | $23.76 | $35.64 | $865.56 | $0.00 | $0.00 | $0.00 |
| 10/24/2013 | 39 | 11 | 39.18 | 39.18 | 0.00 | $865.60 | $22.09 | $33.14 | $865.60 | $0.00 | $0.00 | $0.00 |
| 10/31/2013 | 34 | 32 | 34.53 | 34.53 | 0.00 | $822.32 | $23.81 | $35.72 | $822.32 | $0.00 | $0.00 | $0.00 |
| 11/7/2013 | 30 | 44 | 30.73 | 30.73 | 0.00 | $833.14 | $27.11 | $40.66 | $833.14 | $0.00 | $0.00 | $0.00 |
| 11/14/2013 | 35 | 9 | 35.15 | 35.15 | 0.00 | $843.96 | $24.01 | $36.02 | $843.96 | $0.00 | $0.00 | $0.00 |
| 11/21/2013 | 30 | 56 | 30.93 | 30.93 | 0.00 | $833.14 | $26.93 | $40.40 | $833.14 | $0.00 | $0.00 | $0.00 |
| 11/28/2013 | 30 | 51 | 30.85 | 30.85 | 0.00 | $843.96 | $27.36 | $41.04 | $843.96 | $0.00 | $0.00 | $0.00 |
| 12/5/2013 | 38 | 5 | 38.08 | 38.08 | 0.00 | $822.32 | $21.59 | $32.39 | $822.32 | $0.00 | $0.00 | $0.00 |
| 12/12/2013 | 36 | 56 | 36.93 | 36.93 | 0.00 | $822.32 | $22.26 | $33.40 | $822.32 | $0.00 | $0.00 | $0.00 |
| 12/19/2013 | 28 | 42 | 28.70 | 28.70 | 0.00 | $865.60 | $30.16 | $45.24 | $865.60 | $0.00 | $0.00 | $0.00 |
| 12/26/2013 | 24 | 1 | 24.02 | 24.02 | 0.00 | $865.60 | $36.04 | $54.06 | $865.60 | $0.00 | $0.00 | $0.00 |
| 1/2/2014 | 31 | 34 | 31.57 | 31.57 | 0.00 | $949.58 | $30.08 | $45.12 | $949.58 | $0.00 | $0.00 | $0.00 |
| 1/9/2014 | 34 | 59 | 34.98 | 34.98 | 0.00 | $961.60 | $27.49 | $41.23 | $961.60 | $0.00 | $0.00 | $0.00 |
| 1/16/2014 | 39 | 53 | 39.88 | 39.88 | 0.00 | $961.60 | $24.11 | $36.17 | $961.60 | $0.00 | $0.00 | $0.00 |
| 1/23/2014 | 31 | 22 | 31.37 | 31.37 | 0.00 | $949.58 | $30.27 | $45.41 | $949.58 | $0.00 | $0.00 | $0.00 |
| 1/30/2014 | 39 | 22 | 39.37 | 39.37 | 0.00 | $949.58 | $24.12 | $36.18 | $949.58 | $0.00 | $0.00 | $0.00 |
| Misc Bonus Payment 2/20 | | | | | | $108.18 | | $0.00 | $0.00 | | | |
| 2/6/2014 | 34 | 46 | 34.77 | 34.77 | 0.00 | $961.60 | $27.66 | $41.49 | $961.60 | $0.00 | $0.00 | $0.00 |
| Misc Bonus Payment 2/20 | | | | | | $50.00 | | $0.00 | $0.00 | | | |
| 2/13/2014 | 30 | 25 | 30.42 | 30.42 | 0.00 | $961.60 | $31.61 | $47.42 | $961.60 | $0.00 | $0.00 | $0.00 |
| 2/20/2014 | 42 | 22 | 42.37 | 40.00 | 2.37 | $961.60 | $27.79 | $41.69 | $1,210.25 | $248.65 | $248.65 | $497.31 |
| Misc Bonus Payment 2/20 | | | | | | $150.00 | | $0.00 | $0.00 | | | |
| 2/27/2014 | 44 | 32 | 44.53 | 40.00 | 4.53 | $961.60 | $27.79 | $41.69 | $1,300.57 | $338.97 | $338.97 | $677.94 |
| Misc Bonus Payment 2/27 | | | | | | $150.00 | | $0.00 | $0.00 | | | |
| 3/6/2014 | 40 | 17 | 40.28 | 40.00 | 0.28 | $961.60 | $26.54 | $39.81 | $1,072.88 | $111.28 | $111.28 | $222.56 |
| Misc Bonus Payment 3/6 | | | | | | $100.00 | | $0.00 | $0.00 | | | |
| 3/13/2014 | 19 | 26 | 19.43 | 19.43 | 0.00 | $961.60 | $49.48 | $74.22 | $961.60 | $0.00 | $0.00 | $0.00 |
| 3/20/2014 | 25 | 38 | 25.63 | 25.63 | 0.00 | $781.30 | $30.48 | $45.72 | $781.30 | $0.00 | $0.00 | $0.00 |
| 3/27/2014 | 46 | 8 | 46.13 | 40.00 | 6.13 | $961.60 | $20.84 | $31.27 | $1,025.52 | $63.92 | $63.92 | $127.84 |
| 4/3/2014 | 33 | 21 | 33.35 | 33.35 | 0.00 | $961.60 | $28.83 | $43.25 | $961.60 | $0.00 | $0.00 | $0.00 |
| 4/10/2014 | 43 | 54 | 43.90 | 40.00 | 3.90 | $961.60 | $21.90 | $32.86 | $1,004.31 | $42.71 | $42.71 | $85.43 |
| 4/17/2014 | 38 | 56 | 38.93 | 38.93 | 0.00 | $961.60 | $29.04 | $43.56 | $1,130.62 | $169.02 | $169.02 | $338.05 |
| Misc Bonus Payment 4/17 | | | | | | $200.00 | | $0.00 | $0.00 | | | |
| 4/24/2014 | 39 | 54 | 39.90 | 39.90 | 0.00 | $961.60 | $24.10 | $36.15 | $961.60 | $0.00 | $0.00 | $0.00 |
| 5/1/2014 | 41 | 32 | 41.53 | 40.00 | 1.53 | $961.60 | $33.79 | $50.69 | $1,429.32 | $467.72 | $467.72 | $935.43 |
| Misc Bonus Payment 5/1 | | | | | | $240.00 | | $0.00 | $0.00 | | | |
| Misc Bonus Payment 5/1 | | | | | | $150.00 | | $0.00 | $0.00 | | | |
| 5/8/2014 | 40 | 0 | 40.00 | 40.00 | 0.00 | $961.60 | $24.04 | $36.06 | $961.60 | $0.00 | $0.00 | $0.00 |
| 5/15/2014 | 39 | 30 | 39.50 | 39.50 | 0.00 | $949.58 | $24.04 | $36.06 | $949.58 | $0.00 | $0.00 | $0.00 |
| 5/22/2014 | 32 | 10 | 32.17 | 32.17 | 0.00 | $961.60 | $27.79 | $41.69 | $893.91 | | | |
| Misc Bonus Payment 5/22 | | | | | | $150.00 | | $0.00 | $0.00 | | | |
| 5/29/2014 | 35 | 4 | 35.07 | 35.07 | 0.00 | $961.60 | $27.42 | $41.13 | $961.60 | $0.00 | $0.00 | $0.00 |
| 6/5/2014 | 40 | 8 | 40.13 | 40.00 | 0.13 | $913.52 | $22.76 | $34.14 | $915.04 | $1.52 | $1.52 | $3.03 |
| 6/12/2014 | 39 | 52 | 39.87 | 39.87 | 0.00 | $961.60 | $24.12 | $36.18 | $961.60 | $0.00 | $0.00 | $0.00 |
| 6/19/2014 | 39 | 52 | 39.87 | 39.87 | 0.00 | $961.60 | $24.12 | $36.18 | $961.60 | $0.00 | $0.00 | $0.00 |
| 6/26/2014 | 39 | 15 | 39.25 | 39.25 | 0.00 | $943.57 | $24.04 | $36.06 | $943.57 | $0.00 | $0.00 | $0.00 |
| 7/3/2014 | 31 | 50 | 31.83 | 31.83 | 0.00 | $961.60 | $30.21 | $45.31 | $961.60 | $0.00 | $0.00 | $0.00 |

| Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/10/2014 | 37 | 44 | 37.73 | 37.73 | 0.00 | $907.51 | $24.05 | $36.08 | $907.51 | $0.00 | $0.00 | $0.00 |
| 7/17/2014 | 30 | 1 | 30.02 | 30.02 | 0.00 | $913.52 | $30.43 | $45.65 | $913.52 | $0.00 | $0.00 | $0.00 |
| 7/24/2014 | 38 | 42 | 38.70 | 38.70 | 0.00 | $925.54 | $23.92 | $35.87 | $925.54 | $0.00 | $0.00 | $0.00 |
| 7/31/2014 | 37 | 13 | 37.22 | 37.22 | 0.00 | $889.48 | $23.90 | $35.85 | $889.48 | $0.00 | $0.00 | $0.00 |
| 8/7/2014 | 23 | 7 | 23.12 | 23.12 | 0.00 | $937.56 | $40.56 | $60.84 | $937.56 | $0.00 | $0.00 | $0.00 |
| 8/14/2014 | 37 | 46 | 37.77 | 37.77 | 0.00 | $901.50 | $23.87 | $35.81 | $901.50 | $0.00 | $0.00 | $0.00 |
| 8/21/2014 | 30 | 50 | 30.83 | 30.83 | 0.00 | $937.56 | $30.41 | $45.61 | $937.56 | $0.00 | $0.00 | $0.00 |
| 8/28/2014 | 23 | 19 | 23.32 | 23.32 | 0.00 | $937.56 | $40.21 | $60.31 | $937.56 | $0.00 | $0.00 | $0.00 |
| 9/4/2014 | 39 | 23 | 39.38 | 39.38 | 0.00 | $937.56 | $32.28 | $48.42 | $1,271.38 | $333.82 | $333.82 | $667.65 |
| 9/4/2014 Bonus Payment | | | | | | $192.32 | | $0.00 | $0.00 | | | |
| 9/11/2014 | 35 | 4 | 35.07 | 35.07 | 0.00 | $841.40 | $23.99 | $35.99 | $841.40 | $0.00 | $0.00 | $0.00 |
| 9/18/2014 | 38 | 49 | 38.82 | 38.82 | 0.00 | $925.54 | $23.84 | $35.77 | $925.54 | $0.00 | $0.00 | $0.00 |
| 9/25/2014 | 40 | 15 | 40.25 | 40.00 | 0.25 | $961.60 | $23.89 | $35.84 | $964.59 | $2.99 | $2.99 | $5.97 |
| 10/2/2014 | 39 | 48 | 39.80 | 39.80 | 0.00 | $961.60 | $24.16 | $36.24 | $961.60 | $0.00 | $0.00 | $0.00 |
| 10/9/2014 | 40 | 14 | 40.23 | 40.00 | 0.23 | $961.60 | $23.90 | $35.85 | $964.39 | $2.79 | $2.79 | $5.58 |
| 10/16/2014 | 38 | 55 | 38.92 | 38.92 | 0.00 | $937.56 | $24.09 | $36.14 | $937.56 | $0.00 | $0.00 | $0.00 |
| 10/23/2014 | 35 | 0 | 35.00 | 35.00 | 0.00 | $841.40 | $24.04 | $36.06 | $841.40 | $0.00 | $0.00 | $0.00 |
| 10/30/2014 | 38 | 26 | 38.43 | 38.43 | 0.00 | $925.54 | $24.08 | $36.12 | $925.54 | $0.00 | $0.00 | $0.00 |
| 11/6/2014 | 35 | 23 | 35.38 | 35.38 | 0.00 | $841.40 | $23.78 | $35.67 | $841.40 | $0.00 | $0.00 | $0.00 |
| 11/13/2014 | 36 | 22 | 36.37 | 36.37 | 0.00 | $865.44 | $23.80 | $35.70 | $865.44 | $0.00 | $0.00 | $0.00 |
| 11/20/2014 | 34 | 52 | 34.87 | 34.87 | 0.00 | $961.60 | $27.58 | $41.37 | $961.60 | $0.00 | $0.00 | $0.00 |
| 11/27/2014 | 27 | 40 | 27.67 | 27.67 | 0.00 | $853.42 | $30.85 | $46.27 | $853.42 | $0.00 | $0.00 | $0.00 |
| 12/4/2014 | 29 | 16 | 29.27 | 29.27 | 0.00 | $889.48 | $30.39 | $45.59 | $889.48 | $0.00 | $0.00 | $0.00 |
| 12/11/2014 | 38 | 44 | 38.73 | 38.73 | 0.00 | $925.54 | $23.90 | $35.84 | $925.54 | $0.00 | $0.00 | $0.00 |
| 12/18/2014 | 38 | 8 | 38.13 | 38.13 | 0.00 | $913.52 | $23.96 | $35.93 | $913.52 | $0.00 | $0.00 | $0.00 |
| 12/25/2014 | 32 | 41 | 32.68 | 32.68 | 0.00 | $961.60 | $29.42 | $44.13 | $961.60 | $0.00 | $0.00 | $0.00 |
| 12/25/2014 Bonus Payment | | | | | | $961.60 | | $0.00 | | | | |
| 1/1/2015 | 31 | 52 | 31.87 | 31.87 | 0.00 | $961.60 | $30.18 | $45.26 | $961.60 | $0.00 | $0.00 | $0.00 |
| 1/8/2015 | 41 | 45 | 41.75 | 40.00 | 1.75 | $961.60 | $23.03 | $34.55 | $981.75 | $20.15 | $20.15 | $40.31 |
| 1/15/2015 | 40 | 26 | 40.43 | 40.00 | 0.43 | $961.60 | $23.78 | $35.67 | $966.75 | $5.15 | $5.15 | $10.31 |
| 1/22/2015 | 39 | 12 | 39.20 | 39.20 | 0.00 | $937.56 | $23.92 | $35.88 | $937.56 | $0.00 | $0.00 | $0.00 |
| 1/29/2015 | 41 | 4 | 41.07 | 40.00 | 1.07 | $961.60 | $23.42 | $35.12 | $974.09 | $12.49 | $12.49 | $24.98 |
| 2/5/2015 | 32 | 21 | 32.35 | 32.35 | 0.00 | $961.60 | $29.72 | $44.59 | $961.60 | $0.00 | $0.00 | $0.00 |
| 2/12/2015 | 37 | 21 | 37.35 | 37.35 | 0.00 | $901.50 | $24.14 | $36.20 | $901.50 | $0.00 | $0.00 | $0.00 |
| 2/19/2015 | 42 | 27 | 42.45 | 40.00 | 2.45 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2/26/2015 | 32 | 24 | 32.40 | 32.40 | 0.00 | $961.90 | $29.69 | $44.53 | $961.90 | $0.00 | $0.00 | $0.00 |
| 3/5/2015 | 25 | 13 | 25.22 | 25.22 | 0.00 | $601.00 | $23.83 | $35.75 | $601.00 | $0.00 | $0.00 | $0.00 |

TOTALS:    Weekly Wage Statements:    **$2,500**    **$9,886.18**    **$9,886.18**    **$22,272.36**

# EXHIBIT C

| PAY DATE | HR RATE | OT HR RATE | OT HRS | OT OWED |
|---|---|---|---|---|
| 5/3/13 | 24.04 | 12.02 | 23.96 | 287.9992 |
| 3/29/13 | 24.04 | 12.02 | 5 | 60.1 |
| 3/1/13 | 24.04 | 12.02 | 3 | 36.06 |
| 2/1/13 | 24.04 | 12.02 | 12.5 | 150.25 |
| 12/28/12 | 24.04 | 12.02 | 12.5 | 150.25 |
| 11/2/12 | 24.04 | 12.02 | 8.3 | 99.766 |
| 9/28/12 | 24.04 | 12.02 | 51 | 613.02 |
| 8/31/12 | 24.04 | 12.02 | 36.96 | 444.2592 |
| 8/3/12 | 24.04 | 12.02 | 41 | 492.82 |
| 6/29/12 | 24.04 | 12.02 | 20 | 240.4 |
| 6/1/12 | 24.04 | 12.02 | 38 | 456.76 |
| 5/4/12 | 24.04 | 12.02 | 66.42 | 798.3684 |
| 4/6/12 | 24.04 | 12.02 | 49.5 | 594.99 |
| 3/2/12 | 24.04 | 12.02 | 30.5 | 366.61 |
| **Total** | | | | **4791.6528** |

# EXHIBIT D

**NAYDENSKIY LAW GROUP, P.C.**
**1517 Voorhies Ave, 2nd Fl.**
**Brooklyn, NY 11235**

Invoice submitted to:

prakhin

| | |
|---|---|
| Invoice # | **20108** |
| Invoice Date | **09/26/2017** |
| For Services Through | 09/26/2017 |
| Terms: | **N/A** |

| Date | By | Service Summary | Hours/Rate | Amount |
|------|----|-----------------|-----------|--------|
| **In Reference To:** | | **prakhin (Labor)** | | |
| 05/27/2016 | GN | *Meeting*<br>cl meeting/ intake | 1.00 at $ 250.00/hr | $ 250.00 |
| 06/02/2016 | GN | *Phone Call*<br>tel conf. w/ cl | 0.10 at $ 250.00/hr | $ 25.00 |
| 06/24/2016 | GN | *Documentation*<br>edit complaint | 0.60 at $ 250.00/hr | $ 150.00 |
| 06/24/2016 | GN | *Review*<br>review complaint | 0.40 at $ 250.00/hr | $ 100.00 |
| 06/24/2016 | GN | *Documentation*<br>edit/finalize complaint | 0.50 at $ 250.00/hr | $ 125.00 |
| 07/22/2016 | GN | *Phone Call*<br>tel conf. w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 07/22/2016 | GN | *Draft*<br>damages calculation and text w/ Plaintiff | 0.40 at $ 250.00/hr | $ 100.00 |
| 07/22/2016 | GN | *Correspondence*<br>email def. atty re: stip and settlement (including an accounting of damages) | 0.30 at $ 250.00/hr | $ 75.00 |
| 08/10/2016 | GN | *Review*<br>review def answer | 0.20 at $ 250.00/hr | $ 50.00 |
| 08/23/2016 | GN | *Correspondence*<br>email def. atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 08/30/2016 | GN | *Research*<br>Research Judges motion rules | 0.10 at $ 250.00/hr | $ 25.00 |
| 09/08/2016 | GN | *Phone Call*<br>26f conf. w/ def atty | 0.20 at $ 250.00/hr | $ 50.00 |
| 09/08/2016 | GN | *Correspondence*<br>email def. atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 09/23/2016 | GN | *Travel*<br>travel to court (1hr billed at 1/2 time) | 0.50 at $ 250.00/hr | $ 125.00 |
| 09/23/2016 | GN | *Court Time*<br>initial conf. | 0.40 at $ 250.00/hr | $ 100.00 |
| 09/23/2016 | GN | *Travel*<br>travel from court (.8 billed at 1/2 time) | 0.40 at $ 250.00/hr | $ 100.00 |

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days

| Date | | Type | Hours/Rate | Amount |
|------|---|------|-----------|--------|
| 09/25/2016 | GN | *Travel* | | |
| | | travel to court (1 hr billed at 1/2 time) | 0.50 at $ 250.00/hr | $ 125.00 |
| 10/20/2016 | GN | *Correspondence* | | |
| | | email def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 10/22/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ cl | 0.30 at $ 250.00/hr | $ 75.00 |
| 10/25/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ cl | 0.10 at $ 250.00/hr | $ 25.00 |
| 10/27/2016 | GN | *Draft* | | |
| | | draft 216 notice, proposed order, reminder ltr, opt in consent | 0.50 at $ 250.00/hr | $ 125.00 |
| 10/27/2016 | GN | *Correspondence* | | |
| | | email w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 10/27/2016 | GN | *Documentation* | | |
| | | review/edit 216b docs | 0.30 at $ 250.00/hr | $ 75.00 |
| 10/28/2016 | GN | *Documentation* | | |
| | | draft, review, edit pre-motion conf. ltr to compel | 1.60 at $ 250.00/hr | $ 400.00 |
| 10/28/2016 | GN | *Draft* | | |
| | | draft pre-motion conf ltr re amend complaint | 1.70 at $ 250.00/hr | $ 425.00 |
| 11/01/2016 | GN | *Review* | | |
| | | Review def. doc production | 1.70 at $ 250.00/hr | $ 425.00 |
| 11/01/2016 | GN | *Correspondence* | | |
| | | email def. atty re: discovery production | 0.10 at $ 250.00/hr | $ 25.00 |
| 11/17/2016 | GN | *Travel* | | |
| | | travel to edny (1.2hrs billed at 1/2 time) | 0.60 at $ 250.00/hr | $ 150.00 |
| 11/17/2016 | GN | *Court Time* | | |
| | | status conference | 0.40 at $ 250.00/hr | $ 100.00 |
| 11/17/2016 | GN | *Travel* | | |
| | | travel time from edny (.4 billed at 1/2 time) | 0.20 at $ 250.00/hr | $ 50.00 |
| 11/29/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 11/30/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty re: collective notice | 0.10 at $ 250.00/hr | $ 25.00 |
| 11/30/2016 | AM | *Draft* | | |
| | | amended complaint | 1.00 at $ 150.00/hr | $ 150.00 |
| 12/01/2016 | AM | *Review* | | |
| | | D's docs | 2.00 at $ 150.00/hr | $ 300.00 |
| 12/01/2016 | AM | *Draft* | | |
| | | edit amended complaint | 2.00 at $ 150.00/hr | $ 300.00 |
| 12/01/2016 | GN | *Research* | | |
| | | legal research ot set-off and regular rate | 3.10 at $ 250.00/hr | $ 775.00 |
| 12/02/2016 | GN | *Documentation* | | |
| | | review, edit amended complaint | 1.00 at $ 250.00/hr | $ 250.00 |
| 12/02/2016 | GN | *Documentation* | | |
| | | edit amended complaint | 0.40 at $ 250.00/hr | $ 100.00 |
| 12/02/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty re: notice and amendment | 0.10 at $ 250.00/hr | $ 25.00 |
| 12/08/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 12/09/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty re: collective and amendment | 0.20 at $ 250.00/hr | $ 50.00 |
| 12/09/2016 | GN | *Phone Call* | | |
| | | tel conf. w. def atty re: amendment | 0.10 at $ 250.00/hr | $ 25.00 |
| 12/12/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 12/13/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty re: amendment | 0.10 at $ 250.00/hr | $ 25.00 |
| 12/14/2016 | GN | *Documentation* | | |
| | | revise amended complaint | 0.20 at $ 250.00/hr | $ 50.00 |
| 12/14/2016 | GN | *Correspondence* | | |
| | | email def. atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 12/19/2016 | GN | *Phone Call* | | |
| | | tel conf. w/ def atty re: putative collective ps list | 0.10 at $ 250.00/hr | $ 25.00 |

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days

| Date | Initials | Type | Time/Rate | Amount |
|---|---|---|---|---|
| 12/29/2016 | GN | *Phone Call*<br>tel conf. w/ potential opt-in | 0.10 at $ 250.00/hr | $ 25.00 |
| 12/29/2016 | GN | *Review*<br>review amended complaint | 0.10 at $ 250.00/hr | $ 25.00 |
| 01/18/2017 | GN | *Phone Call*<br>tel conf. w/ cl re: status | 0.10 at $ 250.00/hr | $ 25.00 |
| 01/26/2017 | GN | *Travel*<br>travel to edny status conf. (.8 billed at half time) | 0.40 at $ 250.00/hr | $ 100.00 |
| 01/26/2017 | GN | *Travel*<br>travel from edny status conf. (1hr billed at half time) | 0.50 at $ 250.00/hr | $ 125.00 |
| 01/26/2017 | GN | *Court Time*<br>edny status conf. | 0.60 at $ 250.00/hr | $ 150.00 |
| 02/06/2017 | GN | *Meeting*<br>meeting w/ cl re: status | 0.60 at $ 250.00/hr | $ 150.00 |
| 02/10/2017 | GN | *Phone Call*<br>tel conf. w/ def re: discovery and sett | 0.10 at $ 250.00/hr | $ 25.00 |
| 02/13/2017 | GN | *Review*<br>review amended answer | 0.30 at $ 250.00/hr | $ 75.00 |
| 03/02/2017 | GN | *Correspondence*<br>email def atty re: needed discovery | 0.20 at $ 250.00/hr | $ 50.00 |
| 03/07/2017 | GN | *Other*<br>review defendants email re: discovery and email def. atty | 0.50 at $ 250.00/hr | $ 125.00 |
| 03/22/2017 | GN | *Review*<br>prep for status conf. | 0.50 at $ 250.00/hr | $ 125.00 |
| 03/22/2017 | GN | *Travel*<br>travel time to court (.8 billed at 1/2 time) | 0.40 at $ 250.00/hr | $ 100.00 |
| 03/22/2017 | GN | *Court Time*<br>status conf. | 1.20 at $ 250.00/hr | $ 300.00 |
| 03/22/2017 | GN | *Review*<br>prep for status conf. | 0.20 at $ 250.00/hr | $ 50.00 |
| 03/22/2017 | GN | *Travel*<br>travel from Court (.6 billed at 1/2 time) | 0.30 at $ 250.00/hr | $ 75.00 |
| 03/23/2017 | GN | *Review*<br>review legal research re: retaliation punitive damages | 0.20 at $ 250.00/hr | $ 50.00 |
| 03/23/2017 | AM | *Research*<br>Research punitive damages for retaliation under FLSA and draft memo | 2.40 at $ 150.00/hr | $ 360.00 |
| 03/27/2017 | AM | *Review*<br>Review time sheets, calculate and compile into excel spreadsheet | 4.20 at $ 150.00/hr | $ 630.00 |
| 03/28/2017 | AM | *Review*<br>Reviewed and logged payment and time sheets for client | 1.90 at $ 150.00/hr | $ 285.00 |
| 03/29/2017 | AM | *Review*<br>Review discovery documents (time sheets, pay sheets), logged time and pay, calculated damages | 7.40 at $ 150.00/hr | $ 1,110.00 |
| 03/30/2017 | AM | *Review*<br>Calculate damages | 3.00 at $ 150.00/hr | $ 450.00 |
| 03/31/2017 | GN | *Correspondence*<br>email def. atty discovery demands | 0.10 at $ 250.00/hr | $ 25.00 |
| 04/17/2017 | GN | *Correspondence*<br>email def. atty re: discovery status | 0.10 at $ 250.00/hr | $ 25.00 |
| 04/17/2017 | GN | *Correspondence*<br>email def. atty re: discovery | 0.10 at $ 250.00/hr | $ 25.00 |
| 04/24/2017 | GN | *Phone Call*<br>tel conf. and email def. atty re: discovery | 0.20 at $ 250.00/hr | $ 50.00 |
| 04/24/2017 | AM | *Review*<br>calculated damages for Plaintiff | 1.10 at $ 150.00/hr | $ 165.00 |
| 05/01/2017 | GN | *Review*<br>review Def. doc production of Grinburg emails | 1.20 at $ 250.00/hr | $ 300.00 |
| 05/10/2017 | GN | *Correspondence*<br>email def atty re: settlement demand and conf. | 0.10 at $ 250.00/hr | $ 25.00 |
| 05/30/2017 | GN | *Phone Call*<br>tel conf. w/ cl re: status | 0.10 at $ 250.00/hr | $ 25.00 |

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days

| Date | Init | Description | | Amount |
|---|---|---|---|---|
| 05/30/2017 | AM | *Draft* <br> Pre-settlement conference letter | 1.30 at $ 150.00/hr | $ 195.00 |
| 05/31/2017 | GN | *Phone Call* <br> tel conf. w/ def atty | 0.20 at $ 250.00/hr | $ 50.00 |
| 05/31/2017 | GN | *Phone Call* <br> tel conf. w/ cl re: status | 0.10 at $ 250.00/hr | $ 25.00 |
| 05/31/2017 | AM | *Draft* <br> Completed pre-settlement statement | 0.30 at $ 150.00/hr | $ 45.00 |
| 06/02/2017 | GN | *Review* <br> review settlement ltr | 0.30 at $ 250.00/hr | $ 75.00 |
| 06/13/2017 | GN | *Phone Call* <br> tel conf. w/ cl | 0.20 at $ 250.00/hr | $ 50.00 |
| 06/26/2017 | GN | *Documentation* <br> edit settlement ltr | 0.30 at $ 250.00/hr | $ 75.00 |
| 06/29/2017 | GN | *Phone Call* <br> tel conf. w/ def atty re: sett letter | 0.10 at $ 250.00/hr | $ 25.00 |
| 06/29/2017 | GN | *Correspondence* <br> text and call cls | 0.10 at $ 250.00/hr | $ 25.00 |
| 07/06/2017 | GN | *Correspondence* <br> email def atty | 0.10 at $ 250.00/hr | $ 25.00 |
| 07/10/2017 | GN | *Review* <br> review def calculated damages | 0.30 at $ 250.00/hr | $ 75.00 |
| 07/12/2017 | GN | *Travel* <br> travel to court (sett conf.) | 1.00 at $ 125.00/hr | $ 125.00 |
| 07/12/2017 | GN | *Court Time* <br> sett conf. | 2.00 at $ 250.00/hr | $ 500.00 |
| 07/12/2017 | GN | *Travel* <br> travel from court | 0.80 at $ 125.00/hr | $ 100.00 |
| 07/18/2017 | GN | *Draft* <br> start draft of sett agreement | 0.40 at $ 250.00/hr | $ 100.00 |
| 07/18/2017 | GN | *Review* <br> review draft sett agreement | 0.90 at $ 250.00/hr | $ 225.00 |
| 07/24/2017 | GN | *Documentation* <br> edit def redline agreement | 0.60 at $ 250.00/hr | $ 150.00 |
| 09/20/2017 | GN | *Draft* <br> start draft of fairness motion | 0.50 at $ 250.00/hr | $ 125.00 |
| 09/24/2017 | GN | *Draft* <br> continue draft fairness motion | 0.70 at $ 250.00/hr | $ 175.00 |
| 09/25/2017 | GN | *Phone Call* <br> tel conf. w/ cl marzan | 0.10 at $ 250.00/hr | $ 25.00 |

**In Reference To:  prakhin (Expenses)**

| Date | Init | Description | Amount | |
|---|---|---|---|---|
| 06/24/2016 | GN | *Printing/Copying* <br> print draft complaint, complaint x2, and compliant sent to ag office (68 pages) | $6.80 | $ 6.80 |
| 06/24/2016 | GN | *Filing Fee* <br> EDNY filing fee | $400.00 | $ 400.00 |
| 06/24/2016 | GN | *Mailing/Postage* <br> postage- complaint to ag office | $1.09 | $ 1.09 |
| 06/27/2016 | GN | *Process Service* <br> Process serve | $80.00 | $ 80.00 |
| 08/01/2016 | GN | *Printing/Copying* <br> copies fee paid to NY DOL | $125.00 | $ 125.00 |
| 12/02/2016 | GN | *Printing/Copying* <br> print amended complaint (19 pgs) | $1.90 | $ 1.90 |
| 12/19/2016 | GN | *Printing/Copying* <br> additional dol copy fee | $25.00 | $ 25.00 |
| 12/22/2016 | GN | *Printing/Copying* <br> print notice packet (32 packets- 128 pages) | $12.80 | $ 12.80 |
| 12/22/2016 | GN | *Mailing/Postage* <br> postage for notice packets (32 packets x .675 postage) | $21.60 | $ 21.60 |

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days

| 12/22/2016 | GN | *Mailing/Postage*<br>self addressed envelopes postage (32 packets x .465 postage) | $14.88 | $ 14.88 |
| 12/22/2016 | GN | *Printing/Copying*<br>print amended complaints (56 pages) | $5.60 | $ 5.60 |
| 12/22/2016 | GN | *Mailing/Postage*<br>mail amended complaint to def atty and ag office | $2.18 | $ 2.18 |
| 01/25/2017 | GN | *Printing/Copying*<br>print reminder ltr and opt-in form (66 pgs) | $6.60 | $ 6.60 |
| 01/25/2017 | GN | *Mailing/Postage*<br>postage deadline reminders (.67 x 31 and .46 x 31) | $35.03 | $ 35.03 |
| 05/03/2017 | GN | *Printing/Copying*<br>scan dol doc production (staples) | $163.31 | $ 163.31 |

*Total Hours:*   *62.90 hrs*
*Total Labor:* *$ 12,840.00*
*Total Expenses:*   *$ 901.79*
**Total Invoice Amount: $ 13,741.79**
**Previous Balance:**   **$ 0.00**
**Balance (Amount Due): $ 13,741.79**

Naydenskiy Law Group reserves the right to seek withdrawal from the case if not paid in full within ten (10) days