UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL GRINBERG and ELIZABETH
MARZAN, individually and on behalf of all
other similarly situated persons,

                       Plaintiffs,                                  **ORDER**
                                                                  16 CV 3514 (CLP)

                    - against -

LAW OFFICES OF YURIY PRAKHIN, P.C.,
and YURIY PRAKHIN,

                       Defendants.
-------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On June 24, 2016, plaintiff Michael Grinberg, on behalf of himself and all others similarly situated ("plaintiffs"), commenced this action against defendant Law Office of Yuriy Prakhin, P.C., (the "Law Office") and Yuriy Prakhin (collectively, "defendants") based on defendants' alleged failure to pay proper wages, overtime compensation, and failure to provide proper wage notices, as well as liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 650 et seq.

       This Court granted defendants' motion to certify this collective action under the FLSA on December 14, 2016. Thereafter, plaintiff Elizabeth Marzan filed a notice of consent to become a party in this action on January 18, 2017.

       On July 12, 2017, the parties notified the undersigned that they had settled the case. On July 25, 2017, the parties consented to proceed before the undersigned for all further proceedings.

       In light of the Second Circuit's decision in Cheeks v. Freeport Pancake House, courts are required to approve the fairness of settlements of claims brought under the FLSA. 796 F.3d 199, 206 (2d Cir. 2015); see also D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 (1947). Accordingly, on

September 26, 2017, plaintiffs filed a motion on behalf of the parties seeking the Court's approval of the settlement. (See Mot.[1]) The parties also submitted the proposed settlement agreement (id., Ex. A), damages calculations for plaintiffs Grinberg and Marzan (id., Exs. B, C), and contemporaneous billing records to support the parties' calculation of attorney's fees. (Id., Ex. D).

Plaintiff Grinberg worked as a paralegal for defendant Law Office from in or around November 9, 2010, until approximately March 8, 2015. (Am. Compl.[2] ¶ 6). Plaintiff Grinberg alleges that he was paid straight time wages for all hours worked, and counsel for both parties agree that, if plaintiff were to prevail at trial, he would be owed approximately $9,886 in wages. (Mot. at 1, Ex. B).

Plaintiff Marzan worked for defendant Law Office from approximately 2012 - 2013 "& prior employments." (Consent[3]). Plaintiffs' counsel calculated that Plaintiff Marzan is owed approximately $4,800. (Id., Ex. C). This amount "does not include a $5,000 payment by Defendant to cover overtime pay which may include the current allegations." (Mot. at 1).

Plaintiffs' motion asserts that the proposed settlement of $15,000 for plaintiff Grinberg and $3,000 for plaintiff Marzan, plus attorney's fees, is a fair and reasonable settlement conducted at arms-length. (Mot. at 2). The settlement agreement stipulates that within twenty (20) days after court approval of the settlement agreement, defendants shall remit $7,500, representing wages minus the lawful deductions via W2, and a second check in the amount of $7,500 via Form 1099. (Id., Ex. A ¶ 1). Plaintiff Grinberg will execute and return a W9 with the agreement. (Id.) Defendants will

---

[1]Citations to "Mot." refer to plaintiffs' motion for settlement approval, filed on September 26, 2017.

[2]Citations to "Am. Compl." refer to plaintiffs' First Amended Complaint, filed on December 22, 2016.

[3]Citations to "Consent" refer to plaintiff Marzan's Consent to Become a Party Plaintiff, dated January 18, 2017.

remit $1,500 to Elizabeth Marzan, representing wages minus the lawful deductions via W2, and a second check in the amount of $1,500 via form 1099. (Id.) Plaintiff Marzan will execute and return a W9 with this agreement.

Additionally, the Court notes that the proposed settlement agreement contains a general, mutual release of claims. (Id. ¶ 3). Furthermore, the agreement's non-disparagement clause contains a carve out for truthful statements. (Id. ¶ 6).

As for attorneys' fees, plaintiffs' submission indicates that counsel will receive a separate $10,000 in attorneys' fees and costs. (Mot. at 2, Ex. A ¶ 1). Plaintiffs have submitted contemporaneous billing records which amount to $13,741.79. (Id., Ex. D). This amount includes $12,840 for labor, and $901.79 for costs. (Id.) The proposed settlement agreement does not request the total amount reflected in counsel's billing records. Instead, plaintiff's counsel maintains that "counsel negotiated and agreed that Defendant should pay [plaintiff's counsel] attorney fees and costs in the amount of $10,000." (Mot. at 1).

Having reviewed plaintiffs' submission and the settlement agreement, conducted numerous conferences with the parties as well as a fairness hearing, and being familiar with the issues involved in this case, the Court finds the settlement and amount allocated to attorneys' fees to be fair and reasonable under all the factors and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 23, 2017

/s/ Cheryl Pollak
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

3